JEMMA E. DUNN
Nevada Bar No. 16229
KARSON D. BRIGHT
Nevada Bar No. 14837
DAVID KIEBLER
Nevada Bar No. 16724
**GREENBERG GROSS LLP**
1980 Festival Plaza Drive, Suite 730
Las Vegas, Nevada 89135
Telephone: (702) 777-0888
Facsimile: (702) 777-0801
JDunn@GGTrialLaw.com
KBright@GGTrialLaw.com
DKiebler@GGTrialLaw.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| X.A., a minor, by and through her legal guardian, L.A., <br><br> Plaintiffs, <br><br> v. <br><br> CLARK COUNTY SCHOOL DISTRICT; JESUS F. JARA, an individual; DEVYN MARQUIS HUDSON, an individual; ADAM CANFIELD, an individual; DOES I through X, inclusive; and ROE BUSINESS ENTITIES XI through XX, inclusive, <br><br> Defendants. | Case No.: 2:25-CV-02498-GMN-EJY <br><br> **STIPULATION AND ORDER TO EXTEND DISCOVERY SCHEDULING ORDER DEADLINES** <br><br> **(FIRST REQUEST)** |

Plaintiff X.A., a minor, by and through her legal guardian, L.A. ("Plaintiff"), by and through her counsel of record, Greenberg Gross LLP, and CLARK COUNTY SCHOOL DISTRICT, JESUS F. JARA, ADAM CANFIELD, and DEVYN MARQUIS HUDSON ("Defendants," collectively with Plaintiff and Plaintiff's Mother referred to as the "Parties"), by and through their respective counsel of record, hereby stipulate and agree to extend the unexpired discovery deadlines for forty five (45) days. This is the parties' first request for an extension of the discovery deadlines.

STIPULATION AND ORDER TO EXTEND DISCOVERY SCHEDULING ORDER DEADLINES
(FIRST REQUEST)

1.    **Discovery Completed to Date**

The parties have diligently commenced discovery. The parties have exchanged initial disclosures. Plaintiff served her initial disclosures on April 22, 2026. Defendants CCSD, Jara, and Canfield served their initial disclosures on April 28, 2026. The parties further negotiated and obtained entry of a stipulated protective order to facilitate the exchange of confidential materials, including FERPA-protected student information, minor Plaintiff's protected information, personnel records, and other protected discovery material. The Court entered the stipulated protective and confidentiality order on April 27, 2026. Plaintiff has served written discovery to CCSD, including requests for production, interrogatories, and requests for admission directed to Hudson's hiring, employment, supervision, PACE program records, access, surveillance, communications, prior complaints, training, policies, and insurance information. Plaintiff served those written discovery requests on May 1, 2026. Defendants have likewise served written discovery on Plaintiff, including interrogatories and requests for production concerning Plaintiff's allegations, damages, medical and psychological treatment, expert disclosures, supporting documents, incident reports, photographs, criminal matter documents, medical releases, and tax records. Defendants served those discovery requests on May 22, 2026.

2.    **Discovery Which Still Needs to Occur**

Substantial discovery remains to be completed. The parties must still receive and evaluate responses and document productions to the written discovery already served, including Plaintiff's requests to CCSD concerning Hudson's hiring, supervision, PACE participation, employment records, access permissions, surveillance footage, internal communications, prior complaints, sexual misconduct policies, training materials, and applicable insurance materials. Plaintiff served those RFPs, interrogatories, and RFAs to CCSD on May 1, 2026. Plaintiff must also respond to Defendants' written discovery concerning Plaintiff's allegations, claimed damages, medical and psychological treatment, psychiatric history, future treatment, expert witnesses, supporting documents, incident materials, criminal matter documents, releases, and other records. Defendants served those interrogatories and requests for production on May 22, 2026. The parties also need to complete fact depositions, including Plaintiff, L.A., Hudson, Jara, Canfield, CCSD's Rule 30(b)(6)

STIPULATION AND ORDER TO EXTEND DISCOVERY SCHEDULING ORDER DEADLINES
(FIRST REQUEST)

representative, and other disclosed CCSD witnesses with knowledge of the incident, Hudson's supervision, CCSD policies, school surveillance, and the investigation. The parties' initial disclosures identify these witnesses as persons expected to testify regarding the incident, Hudson's hiring and supervision, CCSD policies, and related investigation issues.

In addition, expert discovery remains outstanding, including Plaintiff's potential forensic psychology and liability expert disclosures, any defense expert disclosures, rebuttal expert disclosures, expert reports, and expert depositions. Further discovery needs to occur to enable the parties to retain appropriate experts.

Plaintiff's deadline to disclose her initial experts is approaching and given the sensitive nature of this case and need for protective order, the parties request a 90-day extension to engage in further discovery.

3.    **Proposed Schedule for Completing Remaining Discovery**

The parties propose the following extended deadlines, representing a 90-day extension of the remaining unexpired deadlines:

**Initial Expert Disclosures** - The current deadline of July 24, 2026, shall be extended 90 days to **October 22, 2026.**

**Rebuttal Expert Disclosures** - The current deadline of August 24, 2026, shall be extended 91 days to **November 23, 2026** (as the 90th day lands on a non-judicial date, Sunday November 22, 2026).

**Discovery Cut-Off Date** - The current deadline of September 22, 2026, shall be extended 90 days to **December 21, 2026**.

**Dispositive Motions** - The current deadline of October 22, 2026, shall be extended 90 days to **January 20, 2027**.

**Joint Pretrial Order** - The current deadline of November 23, 2026 (if no dispositive motions are filed) shall be extended 91 days to **February 22, 2027** (as the 90th day lands on a non-judicial date, Sunday February 21, 2027). In the event dispositive motions are filed, the date for filing the Joint Pretrial Order shall be suspended until thirty (30) days after decision on the dispositive motions or further order of the Court.

-3-

STIPULATION AND ORDER TO EXTEND DISCOVERY SCHEDULING ORDER DEADLINES
(FIRST REQUEST)

4.     **<u>Good Cause Supports the Request to Extend the Deadlines as Set Forth Herein.</u>**

When a stipulation requires the modification of the scheduling order, the parties must first satisfy the "good cause" standard established by Rule 16(b). See *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992); see also Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent"). The good cause inquiry is focused on the movant's reasons for seeking to modify the scheduling order and primarily considers the movant's diligence. *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013). The key determination is whether the subject deadline "cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609.

Good cause exists to extend the discovery deadlines because this case involves sensitive claims concerning not only the underlying assault and other potential minor witnesses, but also constitutional claims relating to CCSD's hiring, supervision, PACE program practices, surveillance monitoring, employee-student interaction policies, grooming/sexual misconduct training, and alleged response to prior employee sexual abuse. The parties must still complete substantial written discovery and document production, including records concerning Hudson's employment, supervision, PACE/IEP materials, access, surveillance footage, communications, policies, prior complaints, and insurance. Plaintiff's requests for production to CCSD include 106 separate requests covering those categories. The parties also need to conduct key fact and Rule 30(b)(6) depositions, including Plaintiff, L.A., Hudson, Jara, Canfield, CCSD's Rule 30(b)(6) representative, and other CCSD witnesses. The parties' initial disclosures identify these witnesses as having information regarding the incident, Hudson's supervision, CCSD policies, the investigation, and related CCSD documentation. Expert discovery also remains outstanding, including potential forensic psychology and liability experts, rebuttal experts, expert reports, and expert depositions. An extension will allow the parties to complete this discovery diligently and in an orderly manner.

By entering into this Stipulation, the Parties are not waiving any rights or objections they may have regarding any other party's anticipated or actual discovery activities or conceding that any such discovery is proper or necessary. Nonetheless, they are entering into this stipulation in good faith and will address any disputes in the ordinary course.

-4-

STIPULATION AND ORDER TO EXTEND DISCOVERY SCHEDULING ORDER DEADLINES
(FIRST REQUEST)

The Parties hereby stipulate to the aforementioned.

DATED July 2, 2026

GREENBERG GROSS LLP                OLSON CANNON & GORMLEY

*/s/ Jemma Dunn*                          By:    */s/ Thomas D. Dillard*

Jemma E. Dunn                                    Thomas D. Dillard
David Kiebler                                        9950 W. Cheyenne Avenue
1980 Festival Plaza Drive, Suite 730    Las Vegas, NV 89129
Las Vegas, NV 89135
                                                         *Attorneys for Defendants*
*Attorneys for Plaintiff*                         *Clark County School District, Jesus J. Jara, and*
                                                         *Adam Canfield*


**ORDER**

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE


DATED: July 3, 2026

STIPULATION AND ORDER TO EXTEND DISCOVERY SCHEDULING ORDER DEADLINES
(FIRST REQUEST)