JEMMA E. DUNN
Nevada Bar No. 16229
DAVID KIEBLER
Nevada Bar No. 16724
**GREENBERG GROSS LLP**
1980 Festival Plaza Drive, Suite 730
Las Vegas, Nevada 89135
Telephone: (702) 777-0888
Facsimile: (702) 777-0801
JDunn@GGTrialLaw.com
DKiebler@GGTrialLaw.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

X.A., a minor, by and through her legal guardian, L.A.,

Plaintiffs,

v.

CLARK COUNTY SCHOOL DISTRICT; JESUS F. JARA, an individual; DEVYN MARQUIS HUDSON, an individual; ADAM CANFIELD, an individual; DOES I through X, inclusive; and ROE BUSINESS ENTITIES XI through XX, inclusive,

Defendants.

Case No.: 2:25-CV-02498-GMN-EJY

**STIPULATION AND ORDER TO EXTEND DISCOVERY SCHEDULING ORDER DEADLINES**

**(SECOND REQUEST)**

Plaintiff X.A., a minor, by and through her legal guardian, L.A. ("Plaintiff"), by and through her counsel of record, Greenberg Gross LLP, and CLARK COUNTY SCHOOL DISTRICT and JESUS F. JARA, ADAM CANFIELD ("Defendants," collectively with Plaintiff referred to as the "Parties"), by and through their respective counsel of record, hereby stipulate and agree to extend the unexpired discovery deadlines for 120 days. This is the parties' second request for an extension of the discovery deadlines.

1. **<u>Discovery Completed to Date</u>**

The parties have worked diligently on discovery. Plaintiff served her initial disclosures on April 22, 2026. Defendants Clark County School District ("CCSD"), Jesus F. Jara, and Adam

Canfield served theirs on April 28, 2026. The parties also stipulated to a protective and confidentiality order, which the Court entered on April 27, 2026. The order governs confidential material, including FERPA-protected student records, the minor Plaintiff's protected information, and personnel records.

On May 1, 2026, Plaintiff served CCSD with requests for production, interrogatories, and requests for admission. These requests concern Hudson's hiring, employment, and supervision. They also concern PACE program records, access permissions, surveillance, communications, prior complaints, training, policies, and insurance. On May 22, 2026, Defendants served Plaintiff with interrogatories and requests for production. These requests concern Plaintiff's allegations, damages, medical and psychological treatment, experts, incident reports, photographs, criminal case documents, medical releases, and tax records.

Both sides have responded. CCSD served its responses on June 22, 2026, and Plaintiff has served her responses to Defendants' requests. On September 15, 2026, Plaintiff sent CCSD a meet-and-confer letter about its responses, production, and first supplemental disclosures. The letter addresses CCSD's objections, certain responses to requests for admission, the scope of production, surveillance footage, surveillance audit logs, and verification of interrogatory answers. The parties are meeting and conferring on these issues.

On July 3, 2026, the Court entered the parties' first order extending discovery deadlines. Initial expert disclosures are due October 22, 2026, and rebuttal expert disclosures are due November 23, 2026. Discovery closes December 21, 2026. Dispositive motions are due January 20, 2027. If no dispositive motions are filed, the joint pretrial order is due February 22, 2027.

2. **<u>Discovery Which Still Needs to Occur</u>**

Significant discovery remains. The parties must complete supplementation, review document productions, and work to resolve any disputes about the sufficiency of responses and production. Plaintiff has asked CCSD to verify its interrogatory answers, amend certain responses to requests for admission, and produce or confirm the existence of additional documents.

The topics under discussion include CCSD's policies and surveillance-related materials, preserved surveillance footage, and XProtect audit logs or other records of surveillance review. They also include documents about prior sexual-misconduct complaints against CCSD employees. The parties are further conferring about responses concerning Hudson's employment, supervision, and PACE participation, as well as IEP and student records, access permissions, internal communications, training materials, and insurance.

The parties also need to take fact depositions. These include Plaintiff, L.A., Hudson, Jara, Canfield, and CCSD's Rule 30(b)(6) designee. They also include other CCSD witnesses with knowledge of the incident, Hudson's hiring and supervision, CCSD policies, school surveillance, document retention and production, prior complaints, and the investigation.

Expert discovery also remains. The parties must serve initial and rebuttal expert disclosures and reports, and they must take expert depositions. Plaintiff has retained an expert. Additional fact discovery is needed before the parties can retain appropriate experts and provide complete opinions. Initial expert disclosures are currently due October 22, 2026.

3. **Proposed Schedule for Completing Remaining Discovery**

The parties propose the following extended deadlines, representing a 120-day extension of the remaining unexpired deadlines:

**Initial Expert Disclosures** - The current deadline of October 22, 2026, shall be extended 120 days to **February 19, 2027.**

**Rebuttal Expert Disclosures** - The current deadline of November 23, 2026, shall be extended 120 days to **March 23, 2027**.

**Discovery Cut-Off Date** - The current deadline of December 21, 2026, shall be extended 120 days to **April 20, 2027**.

**Dispositive Motions** - The current deadline of January 20, 2027, shall be extended 120 days to **May 20, 2027**.

**Joint Pretrial Order** - The current deadline of February 22, 2027 (if no dispositive motions are filed) shall be extended 120 days to **June 22, 2027.** In the event dispositive motions are filed, the date for filing the Joint Pretrial Order shall be suspended until thirty (30) days after decision on

the dispositive motions or further order of the Court.

4. **<u>Good Cause Supports the Request to Extend the Deadlines as Set Forth Herein.</u>**

When a stipulation requires the modification of the scheduling order, the parties must first satisfy the "good cause" standard established by Rule 16(b). See *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992); see also Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent"). The good cause inquiry is focused on the movant's reasons for seeking to modify the scheduling order and primarily considers the movant's diligence. *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013). The key determination is whether the subject deadline "cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609.

Good cause exists to extend the discovery deadlines because this case involves sensitive claims concerning not only the underlying assault and other potential minor witnesses, but also constitutional claims relating to CCSD's hiring, supervision, PACE program practices, surveillance monitoring, employee-student interaction policies, grooming/sexual misconduct training, and alleged response to prior employee sexual abuse. The parties must still complete substantial written discovery and document production, including records concerning Hudson's employment, supervision, PACE/IEP materials, access, surveillance footage, communications, policies, prior complaints, and insurance. Plaintiff's requests for production to CCSD include 106 separate requests covering those categories. The parties also need to conduct key fact and Rule 30(b)(6) depositions, including Plaintiff, L.A., Hudson, Jara, Canfield, CCSD's Rule 30(b)(6) representative, and other CCSD witnesses. The parties' initial disclosures identify these witnesses as having information regarding the incident, Hudson's supervision, CCSD policies, the investigation, and related CCSD documentation. Expert discovery also remains outstanding, including potential forensic psychology and liability experts, rebuttal experts, expert reports, and expert depositions. An extension will allow the parties to complete this discovery diligently and in an orderly manner.

By entering into this Stipulation, the Parties are not waiving any rights or objections they may have regarding any other party's anticipated or actual discovery activities or conceding that any such discovery is proper or necessary. Nonetheless, they are entering into this stipulation in

good faith and will address any disputes in the ordinary course.

The Parties hereby stipulate to the aforementioned.

DATED October 1, 2026

GREENBERG GROSS LLP

*/s/ David Kiebler*
Jemma E. Dunn
David Kiebler
1980 Festival Plaza Drive, Suite 730
Las Vegas, NV 89135

*Attorneys for Plaintiff*

OLSON CANNON & GORMLEY

By: */s/ Thomas D. Dillard*
Thomas D. Dillard
9950 W. Cheyenne Avenue
Las Vegas, NV 89129

*Attorneys for Defendants*
*Clark County School District, Jesus F. Jara, and Adam Canfield*

**ORDER**

IT IS SO ORDERED:

UNITED STATES MAGISTRATE JUDGE

DATED: October 2, 2026